UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff-Respondent,              No. 20-mc-50816

v.                                   Honorable Nancy G. Edmunds

THEODORE CHANDLER,

       Defendant-Petitioner.

_____/

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S
MOTION FOR RETURN OF PROPERTY [1] AND CLOSING CASE**

On November 8, 2016, Defendant Theodore Chandler pled guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count 1) and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h) (Count 2). (Case no. 15-20246, dkt. 121.) On June 14, 2018, the Court sentenced Defendant to a term of imprisonment of 235 months on Counts 1 and 2, to run concurrently. (*Id.* at dkt. 206.) The Sixth Circuit affirmed on direct appeal and issued its mandate on April 4, 2019. (*Id.* at dkts. 212, 214.) On July 2, 2020, Defendant filed a pro se motion for the return of his property pursuant to Federal Rule of Criminal Procedure 41(g). (Dkt. 1.) Defendant seeks the return of four iPads, four iPhones, and "any and all items not contraband" allegedly seized by the government. The Clerk's office opened the above-captioned miscellaneous case and docketed Defendant's motion within this case.

Under Federal Rule of Criminal Procedure 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for

the property's return."  However, this rule only applies if a criminal case is pending.  As Defendant acknowledges, after a criminal conviction, a motion under Rule 41(g) is treated as a civil action in equity.  *See Stiger v. United States*, 100 F. App'x 370, 371-72 (6th Cir. 2004) (citing *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000); *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990)).  Here, criminal proceedings are no longer pending and Defendant did not file a civil action.  Thus, the Court will deny Defendant's motion without prejudice to the filing of an appropriate civil action.  *See United States v. Savage*, 99 F. App'x 583, 584 (6th Cir. 2004) (finding the district court did not err when it denied a Rule 41(g) motion filed after judgment was entered and instructed the movant to file a separate civil action); *see also In re Khalid Bin Al-Saud*, No. 12-mc-50076, 2012 U.S. Dist. LEXIS 173058, at *2-3 (E.D. Mich. Dec. 6, 2012).

In light of the foregoing, Defendant's motion for the return of property is DENIED WITHOUT PREJUDICE, and this miscellaneous case is CLOSED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge


Dated: July 31, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager